UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

| | |
|---|---|
| GRAMERCY HOLDINGS LLC, and SIMPLY NATURAL, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>DAVID BOROZAN, NISCHAL PAHARI, and D&N VENTURES LLC,<br><br>    Defendants. | Case No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. D891,783; DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. D891,783; TORTIOUS INTERFERENCE WITH ECONOMIC OR BUSINESS RELATIONSHIP; AND VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

Plaintiffs Gramercy Holdings LLC and Simply Natural LLC ("Plaintiffs") hereby complain and allege as follows against Defendants David Borozan, Nischal Pahari, and D&N Ventures LLC ("Defendants").

**NATURE OF THE ACTION**

1. This action arises under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2. Plaintiffs bring this civil action seeking a declaratory judgment of non-infringement and invalidity of U.S. Patent No. D891,783 (the "'D783 Patent") (attached as Exhibit A) which Defendants have wrongfully asserted against Plaintiffs' products and listings on Amazon.com. In addition, Plaintiffs seek damages and injunctive relief arising out of the Defendants knowing and wrongful assertions of infringement of the 'D783 Patent against the Plaintiffs' products and listings

on Amazon.com.

## PARTIES

3.      Plaintiff Gramercy Holdings LLC ("Gramercy") is a Wyoming limited liability corporation with a principal business address at 30 N Gould St, Ste R, Sheridan, WY 82801. Gramercy does business on the internet as Gramercy Kitchen Co. (www.gramercykitchen.co). The Defendants have accused Gramercy's products of infringing the 'D783 Patent and have made claims to Amazon that Gramercy's products infringe the 'D783 Patent, which have resulted in the suspension of certain Gramercy product listings on Amazon.com.

4.      Plaintiff Simply Natural LLC ("Simply Natural") is a Minnesota limited liability corporation with a principal business address at 2168 7th Ave, Ste 471, Anoka, MN 55303. Simply Natural does business on the internet as Greener Chef (www.greenerchef.com). Defendants have accused Simply Natural's products of infringing the 'D783 Patent and have made claims to Amazon that Simply Natural's products infringe the 'D783 Patent, which have resulted in the suspension of certain Simply Natural product listings on Amazon.com.

5.      Defendant David Borozan ("Borozan") is an individual and Florida resident with a residential address at 7699 90th Way North, Seminole, FL 33772. On information and belief, Borozan and Nischal Pahari are the owners of the 'D783 Patent and have asserted that patent against Plaintiffs' products together with their corporation D&N Ventures LLC.

6.      Defendant D&N Ventures LLC ("D&N") is a Florida limited liability corporation with a mailing address at 7699 90th Way North, Seminole, FL 33772 (*See* Exhibit B). Borozan and Pahari are the owners of the 'D783 Patent and have asserted that patent against Plaintiffs' products jointly and in the name of their corporation D&N Ventures LLC.

2

7. Defendant Nischal Pahari ("Pahari") is an individual and Florida resident with a residential address at 11420 65th Ave, Seminole, FL, 33772. On information and belief, Borozan and Pahari are the owners of the 'D783 Patent and have asserted that patent against Plaintiffs' products together with their corporation D&N Ventures LLC.

## JURISDICTION AND VENUE

8. This is an action for declaratory judgment of non-infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (patents or trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

9. This Court has personal jurisdiction over the Defendants because the Defendants reside in this judicial district and have had continuous and systematic contacts within the State of Florida, including within this judicial district. On information and belief, D&N is headquartered and maintains a principal place of business in Seminole, Florida. On information and belief, the Defendants have purposefully directed business contacts and activities at this judicial district and residents of this judicial district have used services and products offered or sold by the Defendants. On information and belief, D&N has registered with the Florida Department of State to do business in Florida.

10. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act. This Court has subject matter jurisdiction over the declaratory judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202 because an immediate and substantial controversy exists between Plaintiffs and Defendants with respect to whether the 'D783 Patent covers Plaintiffs' products based on the Defendants claims to Amazon

that the Plaintiffs' products infringe the 'D783 Patent, which has resulted in the suspension of the Plaintiffs' product listings on Amazon.com.

11. This Court has supplemental jurisdiction over Plaintiffs' claims of tortious interference with economic or business relationship under 28 U.S.C. § 1367 because those claims relate to the same operative nucleus of fact as Plaintiff's claims for declaratory judgment of non-infringement of the 'D783 Patent.

## VENUE

12. Defendants are subject to personal jurisdiction in this judicial district. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim took place in this judicial district, because Defendants reside and transact business within this judicial district, and because Plaintiffs suffered harm in this judicial district.

## FACTUAL ALLEGATIONS

13. Plaintiffs sell kitchen products through online stores and marketplaces such as their own online websites and through Amazon.com. Among the products sold by the Plaintiffs are glass food containers with bamboo lids (the "Accused Products") shown below.



(Simply Natural dba Greener Chef Product)



https://gramercykitchen.co/collections/food-storage/products/glass-food-containers-set-of-two-1020-ml-plastic-free-bpa-free-bento-box-includes-bamboo-cutlery-adjustable-wrap
(Gramercy Kitchen Co.)

14. Bamboo food storage lids with silicone seals are not a new product. The products below are sold by retailer Ikea and have been available to the public since at least 2018.



https://www.ikea.com/us/en/p/ikea-365-lid-square-bamboo-10381909/

15. Evidence of the product availability from Ikea is contained in the product listing

5

itself. For example, on April 11, 2018 an Ikea customer "FELA1" left a critical review of the rubber seal and bamboo lid, shown below. On April 20, 2018, a representative of Ikea apologized for the customer's experience:



https://www.ikea.com/us/en/p/ikea-365-lid-square-bamboo-10381909/

16. Shortly thereafter, another Ikea customer purchased the same product and left a review on the product page. This customer, "hillhouse" left a review on August 1, 2018, and stated that they would recommend the product:

★★★★★     hillhouse - 08/01/2018

**Upscale food storage!**

Love these lids! They are so much more attractive than plastic, and they stack beautifully. I was worried they would fall off the containers, but man, they form a tight seal! Sometimes I struggle to get them off, but it's worth the effort knowing that my food isn't going to leak into my lunch bag. I'll be replacing all of my lunch containers with these and the containers that go with them. Now if I can just figure out how to clean them without ruining the wood, I'll be all set!

✓ Yes, I recommend this product

| | | |
|---|---|---|
| Value for money | •  •  •  • | 5 |
| Product quality | •  •  •  • | 5 |
| Appearance | •  •  •  • | 5 |
| Works as expected | •  •  •  • | 5 |
| Helps reduce/sort waste | •  •  •  • | 5 |

https://www.ikea.com/us/en/p/ikea-365-lid-square-bamboo-10381909/

17. These products are sold under the Ikea 365+ brand name. Numerous other Ikea product reviews for similar products at www.ikea.com confirm the Ikea 365+ Bamboo Lid on-sale and retail availability from Ikea in 2018.

18. The availability of the Ikea 365+ Bamboo Lid product in 2018 is further confirmed by looking at the Ikea 2019 catalog, which was published on July 31, 2018. (*See* Exhibits C, D.) Page 155 of the Ikea 2019 catalog depicts the Ikea 365+ Bamboo Lid product for sale; such products were available from Ikea on its website and in its stores. Page 155 of the Ikea 2019 catalog is reproduced below (*see also* Exhibit D):



19. Notwithstanding the products being sold at Ikea in 2018, Borozan and Pahari filed for a design patent on April 15, 2019. The Ikea 365+ bamboo lid products were never disclosed to the United States Patent and Trademark Office as part of their patent application process.

20. As part of their application, Borozan and Pahari submitted drawings of their design, which would later become Figure 1 and Figure 2 (exemplary) in their issued design patent:



'D783 Patent, at Fig. 1.



'D783 Patent, at Fig. 2.

21. The Ikea 365+ Bamboo Lid was not disclosed to or considered by the United States Patent and Trademark Office during the prosecution of the 'D783 Patent.



https://www.ikea.com/us/en/p/ikea-365-lid-square-bamboo-10381909/

10

22. Upon obtaining the 'D783 Patent, Defendants Borozan, Pahari, and D&N began aggressively and wrongfully asserting their patent against sellers on Amazon.com by asserting intellectual property complaints against sellers like Gramercy and Simply Natural.

23. Defendants submitted intellectual property infringement complaints to Amazon wrongly claiming that the 'D783 Patent was infringed by products sold by the Plaintiffs. As a result of these wrongful complaints, Amazon removed the Plaintiffs' product listings.

24. The removal of the Plaintiffs' product listings for food containers and bamboo product lids caused substantial financial harm to the Plaintiffs. Simply Natural's counsel contacted the Defendants and advised that their actions were wrongful because the products were so different as to not infringe the 'D783 Patent.

25. The Defendants responded that they were not concerned by any differences between the products and that they were "still sure" it was infringement:

> Jeff,
>
> As mentioned before, both my lawyer and I are completely aware of this fact because you and your client are not the first to engage in such matters with us... Nonetheless, we are still sure it is infringement and can back this with many reasons. We would prefer to avoid any kind of litigation, but this completely up to your client. We are standing firm on retracting our complaint with Amazon.
>
> Thanks,
> David B.,
> D&N Ventures LLC

26. It is a "century-old axiom of patent law" that "a product 'which would literally infringe if later in time anticipates [a patent] if earlier.'" *Upsher-Smith Labs., Inc. v. Pamlab, L.L.C.*, 412 F.3d 1319, 1322 (Fed. Cir. 2005).

27. Defendants continue to refuse to retract their wrongful complaints to Amazon.

# FIRST CAUSE OF ACTION
## Declaratory Judgment of Invalidity of the 'D783 Patent

28. Plaintiffs incorporate and reallege each and every allegation in the preceding paragraphs, as if fully set forth herein.

29. The 'D783 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103, and because its design is dictated entirely by its function.

30. For example, the 'D783 Patent is invalid under 35 U.S.C. §§ 102, 103 in view of the prior art, including but not limited to, the Ikea 365+ Bamboo Lid products sold by Ikea at least as early as 2018:



https://www.ikea.com/us/en/p/ikea-365-lid-square-bamboo-10381909/

31. In addition, the design of the 'D783 Patent is dictated entirely by its function and the patent is therefore invalid. The shape of the claimed cutting board design, its silicone sealing elements, and the purpose of the "groove" are entirely functional.

32. Plaintiffs are entitled to a declaratory judgment that the 'D783 Patent is invalid.

**SECOND CAUSE OF ACTION**
**Declaratory Judgment of Noninfringement of the 'D783 Patent**

33. Plaintiffs incorporate and reallege each and every allegation in the preceding paragraphs, as if fully set forth herein.

34. The claimed design of the 'D783 Patent includes a "groove" around the lid, as depicted in Figure 1:



35. If the 'D783 Patent is not invalid in view of the Ikea 365+ Bamboo Lid prior art, then Plaintiff Gramercy's product does not infringe the 'D783 Patent because in the eye of an ordinary observer, giving such attention as a purchaser usually gives, its design is not substantially the same as the claimed design of the 'D783 Patent because it does not have the groove claimed around the edge of the product (rather, the Gramercy product has a recess in the central portion of the lid and does not include a groove or channel interior of the outer edges of the lid, as claimed in the 'D783 Patent).



36. If the 'D783 Patent is not invalid in view of the Ikea 365+ Bamboo Lid prior art, then Plaintiff Simply Natural's product does not infringe the 'D783 Patent because in the eye of an ordinary observer, giving such attention as a purchaser usually gives, its design is not substantially the same as the claimed design of the 'D783 Patent. In particular, the Simply Natural product does not include the "groove" that is claimed in the 'D783 Patent.



37. In the eye of an ordinary observer, giving such attention as a purchaser ordinarily would, the Plaintiffs' products do not infringe the 'D783 Patent.

38. Plaintiffs are entitled to a declaratory judgment that their Accused Products do not infringe the 'D783 Patent.

## THIRD CAUSE OF ACTION
### Tortious Interference

39. Plaintiffs incorporate and reallege each and every allegation in the preceding paragraphs, as if fully set forth herein.

40. Before the Defendants' wrongful actions, each of the Plaintiffs was party to a business relationship with Amazon for the sale of the Accused Products. Through wrongful, malicious, and willful actions, the Defendants have interfered with the Plaintiffs' contract or business relationship with Amazon.

41. Simply Natural's products were sold at the Amazon ASIN B07S37N2FY pursuant to a valid contractual agreement with Amazon. (*See* Exhibit E.) Gramercy's products were sold at Amazon ASINs B082M2FG1K and B07VLPJBKL pursuant to a valid contractual agreement with Amazon. (*See* Exhibits F, G.)

42. Defendants filed a complaint with Amazon against Simply Natural's ASIN B07S37N2FY alleging infringement of the 'D783 Patent (*See* Exhibit H).

43. Defendants filed a complaint with Amazon against Gramercy ASINs B082M2FG1K and B07VLPJBKL alleging infringement of the 'D783 Patent (*See* Exhibit I).

44. The Defendants were aware of the Plaintiffs' business relationships with Amazon because the Defendants purposefully filed their Complaints against the Plaintiffs' ASINs (*See* Exhibits H, I).

45. The Defendants' interference with the Plaintiffs' business relationships was intentional in that the Defendants purposefully targeted the Plaintiffs' specific product listings and ASINs. (*See* Exhibits H, I).

46. The Defendants' interference was wrongful and unjustified at least because (a) the 'D783 Patent is invalid under 35 U.S.C. §§ 102 and 103 in view of the Ikea 365+ Bamboo Lid product; and (b) in the eye of an ordinary observer, the Gramercy and Simply Natural Accused Products do not infringe the 'D783 Patent.

47. The Defendants' correspondence with the Plaintiffs and with Amazon demonstrates both their awareness of the impact of their actions and the wrongful nature of their claims against the Plaintiffs.

48. The Defendants' interference with the Plaintiffs' business relationships has caused substantial reputational and economic damages to the Plaintiffs through (a) disabled product listings; (b) lost product sales; (c) reputational damage to their Amazon accounts, and (d) other damages to the product listings, inventories, and the Plaintiffs' business.

## FOURTH CAUSE OF ACTION
**Violation of the Florida Deceptive and Unfair Trade Practices Act**
**(Florida Statute § 501.204)**

49. Plaintiffs incorporate and reallege each and every allegation in the preceding paragraphs, as if fully set forth herein.

50. Defendants wrongfully, deceptively, and unfairly asserted the 'D783 Patent against the business operations and product listings of the Plaintiffs, causing those products to be delisted from Amazon.com, thereby causing substantial reputational and economic damages to the Plaintiffs through (a) disabled product listings; (b) lost product sales; (c) reputational damage to

their Amazon accounts, and (d) other damages to the product listings, inventories, and the Plaintiffs' business.

51.     Defendants' actions have forced Plaintiffs' products from the marketplace, thereby causing injury to consumers through higher prices and reduced product purchase alternatives in violation of the Florida Deceptive and Unfair Trade Practice Act ("the Act").

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully pray that the Court enter judgment in its favor and against the Defendants, and award the following relief:

A.      A judgment in favor of Plaintiffs and against Defendants declaring that the 'D783 Patent is invalid and unenforceable;

B.      A judgment in favor of Plaintiffs and against Defendants declaring that the Plaintiffs have not and do not infringe the 'D783 Patent;

C.      An order and judgment permanently enjoining the Defendants and their officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further acts of wrongful assertion of the 'D783 Patent;

D.      A judgment that this is an exceptional case, pursuant to 35 U.S.C. § 285, together with an award of Plaintiffs' reasonable attorneys' fees.

E.      A judgment that Defendants have tortiously interfered with the contract or business expectancy of the Plaintiffs;

F.     A judgment awarding Plaintiffs' all damages sustained by Simply Natural and Gramercy and/or all gains, profits, and advantages derived by the Defendants as a result of their wrongful acts and tortious interference;

G.     A judgment awarding Plaintiffs punitive damages as a result of the Defendants' willful and intentional acts of tortious interference;

H.     A judgment that Defendants have violated the Florida Deceptive and Unfair Trade Practices Act, together with an award of damages and Plaintiffs' attorneys' fees and costs; and

I.     Any other relief the Court deems just and proper under all the circumstances.

## Demand for Trial by Jury

Plaintiffs demand a jury trial on all matters triable to a jury.

DATED this 19th day of April 2021.

Respectfully submitted,

By: /s/ Paul Rafelson
Paul Rafelson (FB No. 16958)
paul@ecom.law
RAFELSON SCHICK PLLC
8401 Lake Worth Road, Suite 230
Lake Worth, Florida 33467
Telephone: (833) 326-6529

Timothy D. Nichols (*pro hac vice* forthcoming)
tnichols@wnlaw.com
Brian N. Platt (*pro hac vice* forthcoming)
bplatt@wnlaw.com
WORKMAN | NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800

*Counsel for Gramercy Holdings LLC, and Simply Natural, LLC*