UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRAMERCY HOLDINGS LLC,

     Plaintiff,

v.                                Case No: 8:21-cv-0932-KKM-AAS

DAVID BOROZAN,
NISCHAL PAHARI, and
D&N VENTURES LLC,

     Defendants.

_____

## ORDER

Defendants move to dismiss two Counts of Plaintiff Gramercy Holdings LLC's Amended Complaint. (Doc. 26.) Defendants allege that Counts III and IV, state law claims for tortious interferences and violations of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) are preempted because they arise from Defendants' good faith assertion of patent rights. Independent of preemption, Defendants also argue that Counts III and IV must be dismissed as to Defendant D&N Ventures, LLC, because Gramercy does not allege sufficient facts to state a claim against it. Drawing all reasonable inferences in Gramercy's favor, this Court disagrees. Counts III and IV are not preempted because Gramercy adequately alleges that Defendants asserted or maintained their patent

infringement complaints in bad faith. Counts III and IV also state a claim against D&N Ventures because the complaint alleges that Defendants Borozan and Pahari acted, at least in part, in their official capacities as owners and managers of D&N Ventures. This Court denies Defendants' motion.

## I.   BACKGROUND[1]

Plaintiff Gramercy Holdings, LLC, is a Wyoming-based company that sells kitchen products through its website and online marketplaces such as Amazon. (Doc. 23 at 2–3.) Until recently, Gramercy sold a glass food container with a bamboo lid and silicone seal on Amazon. (*Id.* at 5.) Amazon removed this product after David Borozan filed a complaint with Amazon alleging that Gramercy's lid infringed Borozan and Nischal Pahari's patent. (*Id.* at 14.)

Borozan and Pahari applied for a design patent for a bamboo lid with a silicone seal on April 15, 2019. (Doc. 23 at 9; Doc. 23-1.) After reviewing their application, the United States Patent and Trademark Office (USPTO) granted Borozan and Pahari U.S. Patent No. D891,783 ('D783 Patent). (Doc. 23 at 2.) After receiving their patent, they began selling the lids under the brand name "Tenzo" through D&N Ventures on Amazon. (Doc. 23 at 11.) Borozan and Pahari jointly own D&N Ventures, (Doc. 23 at 3), and are

---

[1] As it must, the Court takes the factual allegations in Gramercy's Amended Complaint as true and construes them in the light most favorable to Gramercy. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

authorized to manage it, (Doc. 23-2 at 3). Next, they began "aggressively and wrongfully asserting their patent against sellers on Amazon.com by asserting intellectual property complaints against sellers like Gramercy." (Doc. 23 at 14.) "As a result of these complaints, Amazon removed Gramercy's product listings." (*Id.*) For example, on December 22, 2020, Gramercy received a notice from Amazon. (Doc. 23-9 at 2.) Amazon had removed Gramercy's bamboo lid because it had received a patent infringement complaint from Borozan made through his corporate email address: davidnischalventures@gmail.com. (*Id.*)

Believing the complaint in error, Gramercy emailed the corporate email address provided on the Amazon complaint. (Doc. 23 at 14.) Gramercy asserted that its product was not infringing due to design differences and that the 'D783 Patent was invalid because it was not novel at the time Borozan and Pahari filed their patent application. (*Id.*) On the latter point, Gramercy identifies a bamboo lid with a silicone seal advertised and sold by IKEA as early as April 2018 that is "virtually identical" to the images in Borozan and Pahari's April 2019 application for the 'D783 Patent. (Doc. 23 at 6, 9–12.)

Borozan responded on March 10, 2021, saying they were "still sure it is infringement" and that they were unwilling to retract the Amazon complaints. (Doc. 23 at 14–15.) Borozan explained that they would consider retracting their complaints only if Gramercy agreed to a licensing arrangement. (Doc. 23 at 15.) A later email from Borozan and Pahari to a party that has since been terminated from this action explained that

Defendants were aware of Gramercy's argument that the D'783 Patent was not novel but expressed continued confidence in its validity, reasoning that the USPTO "did their due diligence in issuing us our patent." (Doc. 23 at 16.)

Upon reaching this impasse, Gramercy sued Borozan, Pahari, and D&N Ventures on April 19, 2021. (Doc. 1.) On July 22, 2021, Gramercy filed an Amended Complaint alleging four causes of action. (Doc. 23.) Counts I and II, which Defendants do not challenge in their motion to dismiss, seek a declaratory judgment against Borozan and Pahari that the 'D783 Patent is either invalid, or that Gramercy's lid does not infringe it. (*Id.* at 18, 20.) Unlike Counts I and II, Counts III and IV are against all three Defendants. Count III alleges that Defendants' patent infringement complaints tortiously interfered with Gramercy's business relationship with Amazon. (*Id.* at 21–24.) Count IV alleges Defendants violated FDUTPA by "wrongfully" and "deceptively" interfering with Gramercy's profitable business relationship with Amazon. (*Id.* at 24–26.)

On August 8, 2021, Defendants moved to dismiss the Amended Complaint, alleging that federal patent law preempts the state law claims in Counts III and IV, and that Gramercy fails to state a claim against D&N Ventures. (Doc. 26 at 1.) After Gramercy's timely response in opposition, (Doc. 27), the motion is ripe.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*

When considering the motion, a court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## III.   ANALYSIS

Defendants make two arguments supporting their motion to dismiss. First, Defendants assert that federal patent law preempts Gramercy's state law claims for tortious

interference and violation of FDUTPA[2] and must be dismissed. Second, Defendants claim that Defendant D&N Ventures is not a proper defendant to this action and, thus, Counts III and IV must be dismissed against it.

## A. Federal Patent Law Does Not Preempt Gramercy's State Law Claims

"Patents would be of little value if infringers of them could not be notified of the consequences of infringement, or proceeded against in courts. Such action, considered by itself, cannot be said to be illegal." *Virtue v. Creamery Package Mfg. Co.*, 227 U.S. 8, 37–38 (1913). For this reason, "federal patent laws preempt state laws that impose tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent." *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004).[3] To avoid preemption, a plaintiff must allege that the patentholder acted in bad faith, "even if bad faith is not otherwise an element of the tort claim." *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999). Bad faith has objective and subjective components, and both are necessary to avoid preemption. *See 800 Adept, Inc. v. Murex Sec. Ltd.*, 539 F.3d 1354, 1370 (Fed. Cir. 2008) (en banc).

---

[2] Gramercy specifically alleges a violation of § 501.204, Florida Statutes, which declares unlawful all "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

[3] Because this action arises in part under 28 U.S.C. 1338(a), the Federal Circuit has jurisdiction over any appeal. *See 3D Sys., Inc. v. Aarotech Lab'ys, Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998) ("The Federal Circuit has exclusive jurisdiction over an appeal from a district court when that court's jurisdiction is based at least in part on a claim arising under the patent laws of the United States." (citing 28 U.S.C. § 1295(a))). "Thus, the Court will apply Federal Circuit law in determining whether Plaintiff's claims are preempted by federal patent law. "*Clearplay, Inc. v. Nissim Corp.*, 555 F. Supp. 2d 1318, 1328 (S.D. Fla. 2008).

Since Counts III and IV arise from Defendants' assertion of patent rights, the parties agree that federal law preempts Gramercy's tortious interference and FDUTPA claims unless Gramercy alleges that Defendants acted in bad faith. (Doc. 26 at 4–10; Doc. 27 at 8.) If Gramercy has done so, Counts III and IV are not preempted at this time, and Defendants' motion to dismiss these counts must be denied.[4]

### 1. Gramercy Alleges Defendants' Infringement Claims Are Objectively Baseless

An "objectively baseless" allegation of patent infringement occurs if "no reasonable litigant could realistically expect success on the merits." *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993). Thus, to avoid preemption, Gramercy must plausibly allege that Defendants "had no reasonable basis to believe that its patent claims were valid or that they were infringed." *800 Adept*, 539 F.3d at 1370. Gramercy has done so; it has made a prima facie case that the 'D783 Patent is invalid because it was anticipated or was not novel.

Section 102 of Title 35 of the United States Code provides that a person is not entitled to a patent if "the claimed invention was patented, described in a printed publication, or in public use, on sale or otherwise available to the public before the effective filing date of the claimed invention." In other words, a patent must be novel. If a prior product contains all the essential elements of the patented product, the patent is said to be

---

[4] Defendants do not assert that Gramercy pleads insufficient facts to state a claim under either of these causes of action as a matter of state law.

invalid by anticipation. *See* 2 Chisum on Patents § 3.02[1] (2021); *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) (reasoning that a product that would infringe a patent if it were produced later in time, invalidates that patent if it was in fact produced before the patented item). Anticipation, or lack of novelty, requires that all elements of the patent claim be identical to a prior art reference. *See* 2 Chisum on Patents § 3.01[1][b]; *Lewmar Marine, Inc. v. Barient, Inc.*, 827 F.2d 744, 747 (Fed. Cir. 1987) ("Anticipation under 35 U.S.C. § 102 requires the presence in a single prior art disclosure of each and every element of a claimed invention."). If a patent is anticipated, it is invalid. *See ClearValue, Inc. v. Pearl River Polymers, Inc.*, 668 F.3d 1340, 1343–46 (Fed. Cir. 2012). And, of course, one cannot infringe an invalid patent. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 644 (2015).

Gramercy has made out a prima facie case of anticipation. Gramercy alleges that Defendants' initial allegations of infringement and its continued refusal to retract its complaints are objectively baseless. This is so, Gramercy argues, because prior art invalidates the 'D783 Patent. (Doc. 23 at 19.) As early as 2018, IKEA sold a bamboo lid with a silicone seal. (*Id.*) The IKEA lid appears almost identical to that described in the patent application. (*Id.* at 17.) Since the IKEA lid pre-dates Borozan and Pahari's patent and was not disclosed to or considered by the USPTO, (*id.* at 9–11), Gramercy argues that the patent is invalid. In sum, these allegations, along with the pictures of the IKEA product

and Defendants' patent application, plausibly allege that IKEA sold a lid bearing all the essential elements of the 'D783 Patent before the patent application. Taking these allegations as true, the patent is anticipated and invalid.

Defendants do not contest this conclusion. Instead, they argue that—even if anticipated and invalid—Defendants' complaints to Amazon were not in bad faith because it did not know of the prior art at the time. (Doc. 26 at 9 n.3.) Be that as it may,[5] once Defendants learned of the prior art, they did not retract their complaints against Gramercy. (Doc. 23 at 14.)[6] And Defendants supply this Court with no reason why they did not. One of Defendants' emails represents that they "can back [their stance] with many reasons." (*Id.* at 15.) But Defendants did not articulate those reasons in its email or in its motion to this Court. The only good faith reason discernable from the record is that Defendants were relying on USPTO to catch every fault in their patent application. (*Id.* at 16.) But a belief in the infallibility of government servants—in the face of evidence of prior art—is not "a reasonable basis to believe that [] patent claims are valid," *800 Adept*, 539 at 1370.

---

[5] The Court expresses no opinion on whether Gramercy can maintain a claim for Borozan's initial complaints to Amazon, which Borozan claims he made before he learned of the prior art. (Doc. 26 at 9 n.3.)

[6] The Amended Complaint alleges that Gramercy informed Defendants of the prior art at least by March 10, 2021. (*Id.*) At the very latest, Defendants knew when Gramercy filed its initial complaint on April 19, 2021. (Doc. 1.) That knowledge is enough for Gramercy to maintain its claim because the Amended Complaint alleges that Defendants' ongoing refusal to retract its complaints to Amazon constitutes a continuing wrong. (Doc. 23 at 18; Doc. 27 at 12.)

Because Gramercy has plausibly alleged that Defendants' patent is invalid and Defendants have supplied no rationale that reasonably supports its validity, Defendants' claims of infringement through Amazon—or at least their continued refusal to retract them—appear objectively baseless. In other words, in the light of the prior art, Gramercy has plausibly alleged that "no reasonable litigant could realistically expect success on the merits" of Defendants' contentions of infringement. *Id.* at 1370 (quotation omitted).

## 2. Gramercy Alleges Defendants' Infringement Claims Are in Bad Faith

Gramercy must also allege that "the patentee in enforcing the patent demonstrated subjective bad faith." *800 Adept*, 539 F.3d at 1370. Bad faith is "determined on a case by case basis." *Zenith Elecs.*, 182 F.3d at 1354. Certainly, legal error is not bad faith. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002) ("[Patentholders] are allowed to make representations that turn out to be inaccurate provided they make them in good faith."). A patentee, may press its rights "even though he may misconceive what those rights are." *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998) (quoting *Kaplan v. Helenhart Novelty Corp.*, 182 F.2d 311, 314 (2d Cir. 1950)). That said, "if the patentee knows that the patent is invalid, unenforceable, or not infringed, yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad faith representations is made out." *Zenith Elecs.*, 182 F.3d at 1354. Gramercy has made out such a case.

10

As noted above, Gramercy has plausibly alleged that the 'D783 Patent is invalid, and that Defendants' knew of the prior art invalidating the patent but refused to retract their Amazon complaints, causing continuing harm to Gramercy by interfering with its business relationships. *See Mikohn Gaming*, 165 F.3d at 897 (acknowledging that a "disregard" for "incorrectness or falsity" may constitute a threshold showing of bad faith). Rather than retract their complaints, Defendants instead tried to leverage them to "extract a license and royalties from Gramercy." (Doc. 27 at 6; Doc. 23 at 15.) A permissible inference from Defendants' knowledge of the prior art, their refusal to retract, and their attempt to negotiate a licensing agreement is that Defendants were acting in subjective bad faith; they were attempting to use their patent—whether valid or not—to force out competitors on Amazon and extract license agreements. (Doc. 23 at 15; Doc. 28-3 at 2.)[7] Of course, "a competitive commercial purpose itself is not improper." *Mikohn Gaming*, 165 F.3d at 897. But a defendant engages in bad faith when it "conceals" "an attempt to interfere *directly* with the business relationship of a competitor" through "baseless" allegations. *Pro. Real Est.*, 508 U.S. at 57 (quotation omitted).

---

[7] The Court takes judicial notice of the exhibits attached to Gramercy's declaration in support of its response to the motion to dismiss. (Doc. 28); *see* Fed. R. Evid. 201(a)(2). The emails therein are "central to the plaintiff's claim" and "undisputed," in that Defendants have not challenged these documents or the facts they allege. *Day v. Taylor*, 400 F.3d 172, 1276 (11th Cir. 2005). Thus, this Court considers these exhibits the same as allegations in the Amended Complaint, and does so without converting the motion to dismiss into one for summary judgment. *Id.*

11

At this stage, Gramercy needs to plausibly allege subjective bad faith, but it need not prove it. *See Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998). It has done so.[8] Gramercy has "alleged the 'bad faith enforcement of a reputedly unenforceable patent,' in that [Defendants] 'allegedly knew that its patent was unenforceable when it engaged in market misconduct.'" *Id.* at 1332–33 (quoting *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470, 1476 (Fed. Cir. 1998)).

## B. Gramercy Alleges that D&N Ventures is a Proper Defendant

Gramercy's Amended Complaint names Borozan, Pahari, and D&N Ventures as Defendants for Counts III and IV. Defendants argue that D&N Ventures is not a proper defendant to this action, and thus, Counts III and IV must be dismissed against it. (Doc. 26 at 1.) Specifically, Defendants assert that the Amended Complaint contains "no credible allegations" that D&N Ventures "performed any acts supporting liability" or "even the suggestion of a financial benefit based on the actions of [Borozan] and [Pahari]." (Doc. 26 at 1.) Defendants are mistaken. Gramercy's Amended Complaint provides sufficient allegations to state a claim against D&N Ventures.

---

[8] Defendants assert that Gramercy must plead bad faith with particularity. (Doc. 26 at 10); *see* Fed. R. Civ. P. 9(b) (requiring a plaintiff "state with particularity the circumstances constituting fraud or mistake"). But Defendants have not identified any controlling law on this point. Even if this Court were inclined to agree that the particularity standard applies, Gramercy alleges with sufficient particularity the where, when, how, and who of its bad faith claim. *See FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (explaining that Rule 9(b) is satisfied if the pleading contains the fraudulent statements, the time, place, and person who made them, the content of the statements and how they are misleading, and what the defendant gained from them).

Gramercy alleges that Borozan and Pahari were acting on behalf of D&N Ventures when they asserted and maintained allegedly baseless complaints that Gramercy's lid violated the 'D783 Patent. (Doc. 23 at 21–26.) It is axiomatic that a legal entity acts only through its agents, officers, or owners. Borozan and Pahari own D&N Ventures, (Doc. 23 at 3), and are authorized to manage it, (Doc. 23-2 at 3). Defendants do not deny that Borozan and Pahari have the authority to act on behalf of D&N Ventures. Instead, they assert that Borozan acted on his own, or only on behalf of himself and Pahari, the patent owners. (Doc. 26 at 11.) But this Court must accept the allegations in the Amended Complaint as true at this stage. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). And the Amended Complaint alleges that "Defendant Borozan, on his own behalf and on behalf of Defendants Pahari, and D&N, filed one or more complaints with Amazon against Gramercy." (Doc. 23 at 22.) It also alleges that Defendants "acted in concert" for the "joint purpose of benefiting Defendants and harming Gramercy." (*Id.* at 22.) To the extent these are conclusory, Gramercy has more.

The Amended Complaint asserts that "Defendants' correspondence with Gramercy and with Amazon occurred from the business email address of D&N." (Doc. 23 at 23.) Defendants do not deny that Borozan used the corporate email address to file the complaints with Amazon or to negotiate with Gramercy and other alleged infringers. (Doc. 26 at 11.) Next, Borozan's emails to Gramercy are signed "David B., D&N Ventures

LLC." (Doc. 23 at 15.) Gramercy also points to emails where Borozan signed the message "David Borozan, Owner[,] D&N Ventures LLC." (Doc. 28-2.) These email signature blocks give rise to the inference[9] that Borozan sent these emails in his capacity as D&N Venture's owner.

Finally, Gramercy points to another email between Borozan and Pahari and counsel for a party that has been terminated from this action. (Doc. 28-3.) In that email, Borozan and Pahari say that, due to the complaints filed with Amazon enforcing the 'D783 Patent, the "market will consist of flat lids that Amazon reinstated, Gramercy Kitchen LLC (if they agree to licensing), and respectfully ourselves (D&N Ventures LLC)." (*Id.* at 2.) The email is signed "David Borozan & Nischal Pahari[,] D&N Ventures." (*Id.*) A reasonable inference from this email is that Borozan and Pahari are filing complaints with Amazon, engaging in negotiations with potential infringers, and signing licensing agreements in their capacities as owners and managers of D&N Ventures, all with the expectation that D&N Ventures will profit through increased market share.

Were the preceding not enough to allege D&N Venture's involvement, Gramercy also alleges that D&N Ventures would benefit from Borozan's complaints to Amazon. An email message from Borozan noted that the "only brand authorized to sell [the item identified in the patent] is 'Tenzo.'" (Doc. 28-2 at 2; Doc 23 at 11.) Certainly, the owners

---

[9] In addition to accepting the allegations in the Amended Complaint as true, this Court must construe all reasonable inferences "in the light most favorable to the plaintiff." *Bryant*, 187 F.3d at 1273 n.1.

of Tenzo have an economic interest in excluding sellers of similar bamboo lids from marketplaces like Amazon. And Gramercy alleges that "D&N sells products under the 'Tenzo' name on Amazon." (Doc. 23 at 3.) Thus, Gramercy has sufficiently alleged that Borozan and Pahari's "joint business"—D&N Ventures—benefits from Borozan's patent infringement complaints to Amazon. (Doc. 23 at 25.)

Taken together, Gramercy alleges that Borozan was acting on behalf of D&N Ventures when he filed the complaints with Amazon, that Borozan and Pahari acted in their capacities as D&N Ventures owners when they refused to retract their complaints against Gramercy and negotiated for licensing agreements, and that D&N Ventures benefited from the exclusion of sellers like Gramercy from the market. Of course, Gramercy need not prove its case at the motion to dismiss stage. Instead, it must state a plausible claim for relief against each defendant. *See Twombly*, 550 U.S. at 570 (holding that a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face"). Gramercy has done so. *See Iqbal*, 556 U.S. at 678 (reasoning that a claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

## IV.   CONCLUSION

Upon thorough review, this Court denies Defendants' motion to dismiss. Gramercy's state law claims are not preempted at this stage because it has adequately

alleged that Defendants filed or maintained complaints of patent infringement that were objectively baseless and made in bad faith. Gramercy also sufficiently alleges D&N Ventures is a proper defendant in this action. Accordingly, Defendants' motion to dismiss the Amended Complaint (Doc. 26) is **DENIED**.

**ORDERED** in Tampa, Florida, on November 10, 2021.

Kathryn Kimball Mizelle
United States District Judge